

# NUMBERS 13-22-00472-CR, 13-22-00473-CR,13-22-00474-CR, 13-22-00475-CR, 13-22-00476-CR, 13-22-00477-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**ROY GUZMAN JR.,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the 454th District Court
### of Medina County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Pursuant to a global plea bargain agreement, appellant Roy Guzman Jr. entered

open pleas of guilty to two counts of manufacture or delivery of a controlled substance in

Penalty Group 1 in an amount less than one gram, state-jail felonies enhanced to second-

degree felonies; one count of engaging in organized criminal activity, a first-degree felony; two counts of aggravated assault against a public servant, first-degree felonies enhanced to a punishment range of twenty-five to ninety-nine years' confinement; and one count of felon in possession of a firearm, a third-degree felony enhanced to a second-degree felony.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b); TEX. PENAL CODE ANN. §§ 12.42(a), (d), 12.425(b), 22.02(b)(2)(B), 46.04(a)(1), (e), 71.02(a)(1), (b). As part of the plea agreement, the State and appellant also agreed that there would be no cap on punishment for any of the offenses, appellant would waive his right to appeal his convictions other than to challenge the punishments imposed, the State would recommend that appellant's sentences run concurrently, and the State would recommend that appellant receive pretrial detention credit on each sentence. The trial court accepted the pleas and after conducting a contested punishment hearing, sentenced appellant to twenty years' imprisonment for each of the drug offenses, twenty years' imprisonment for the possession of a firearm offense, twenty-five years' imprisonment for the organized criminal activity offense, fifty-five years' imprisonment for one of the aggravated assaults, and sixty years' imprisonment for the other aggravated assault. The trial court ordered the sentences to run concurrently and gave appellant pretrial detention credit on each

---

[1] Each offense was indicted under a separate trial court cause number and has a corresponding appellate cause number. Appellate cause numbers 13-22-000472-CR and 13-22-00473-CR concern the two drug offenses and arise under trial court cause numbers 16-05-11963-CR and 16-06-12012-CR. Appellate cause number 13-22-00474-CR concerns the organized criminal activity offense and arises under trial court cause number 17-05-12408-CR. Appellate cause numbers 13-22-000475-CR and 13-22-00476-CR concern the aggravated assault offenses and arise under trial court cause numbers 17-08-12517-CR and17-08-12518-CR. Finally, appellate cause number 13-22-00477-CR concerns the firearm offense and arises under trial court cause number 17-08-12519-CR.

sentence.[2]

Although appellant filed notices of appeal in each case, his court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.[3]

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated in any of the six cause numbers. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

---

[2] The judgments of conviction reflect that each case was heard by the 38th Judicial District Court; however, Medina County is now served by the newly-created 454th Judicial District Court. *See* TEX. GOV'T CODE ANN. § 24.598. Consequently, appellant's cases have since been transferred to that court.

Also, the judgments in appellate cause numbers 13-22-00476-CR and 13-22-00477-CR include the alias "Roy Junior Guzman." The judgments in the other cause numbers do not include an alias.

[3] These cases are before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeals are frivolous; and (4) provided appellant with a form motion for pro se access to the appellate records that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant was granted access to the appellate records but notified the Court that he "will not be filing a pro-se brief." Instead, appellant intends to "wait and file an 11.07 writ."

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record in each cause number and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

4

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[4]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.    CONCLUSION

We affirm the trial court's judgments.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of June, 2023.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.